UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )   No. C07-509RSL
            Plaintiff,             )
     v.                            )
                                   )   ORDER GRANTING PLAINTIFF'S
ROBERT C. ARANT, *et al.*,         )   MOTION TO DISMISS
                                   )   DEFENDANT'S COUNTERCLAIM
            Defendants.            )
_____)

## I. INTRODUCTION

This matter comes before Court on plaintiff's "Motion to Dismiss Defendant's Counterclaim for Declaratory Relief, Other" (Dkt. #26). Although it is not a model of clarity, "Defendant's Counterclaim for Declaratory Relief, Other" (Dkt. #22) appears to relate to the temporary restraining order and preliminary injunction entered against defendant by the Court and the search warrant executed at his residence on April 18, 2007. See Dkt. #9 (TRO); Dkt. #14 (Preliminary Injunction); Dkt. ##1, 2 in Cause No. MJ07-193. In the counterclaim, defendant seeks "specific relief in the form of perpetuation of testimony" and "declaratory relief" regarding the Internal Revenue Code and other statutes relating to defendant's operation of a warehouse bank. In its motion, plaintiff moves to dismiss defendant Arant's counterclaim under Fed. R. Civ. P. 12(b) because: (1) defendant has not demonstrated that he needs discovery under Fed. R. Civ. P. 27 in order to bring suit or that there is a risk of testimony being

ORDER GRANTING PLAINTIFF'S MOTION
TO DISMISS DEFENDANT'S COUNTERCLAIM

lost; and (2) because the Declaratory Judgment Act, 28 U.S.C. § 2201 specifically prohibits declaratory judgments "with respect to federal taxes." See Motion at 1.  For the reasons discussed below, the Court grants plaintiff's motion and dismisses defendant Arant's counterclaim.

## II.  DISCUSSION

**A.   Request for Perpetuation Testimony**

Plaintiff moves to dismiss the counterclaim under Fed. R. Civ. P. 12(b)(6) because defendant has failed to allege facts that satisfy Fed. R. Civ. P. 27's requirements.  Under Rule 27, a petitioner who desires to perpetuate testimony must show, among other things, "that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought." Fed. R. Civ. P. 27(a)(1).  Here, defendant has not shown why he is unable to bring a cause of action relating to his allegation that the search warrant was unlawfully obtained.

Furthermore, in his counterclaim defendant contends that perpetuating the testimony of named individuals, including Alberto Gonzales, "will reveal evidence of Plaintiff's felonious conduct and hopefully include realistic discussion of the law." See Dkt. #22 at 6.  This allegation, however, does not satisfy Rule 27(a)'s requirement that petitioner show "the facts which the petitioner desires to establish by the proposed testimony" or "the substance of the testimony which the petitioner expects to elicit from each." Fed R. Civ. P. 27(a); see State of Nevada v. O'Leary, 63 F.3d 932, 936 (9th Cir. 1995) (affirming the denial of a Rule 27 petition because Nevada was seeking "opinions, thoughts, views, and background information that is as yet completely unknown to the petitioner.").  Finally, the Court is not satisfied that the perpetuation of the testimony may prevent a failure or delay of justice. See Fed. R. Civ. P. 27(a)(3).  Defendant has not shown that there is an immediate need to perpetuate testimony in this matter. See 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice

ORDER GRANTING PLAINTIFF'S MOTION
TO DISMISS DEFENDANT'S COUNTERCLAIM        -2-

& Procedure § 2272 (2d ed. 1994) (stating "it is wholly clear that the . . . limitation, that it must appear that there is danger of loss of testimony, is applied" to Rule 27's requirements); Penn Mutual Life Ins. Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (stating that Rule 27 "require[s] that a petitioner demonstrate an immediate need to perpetuate testimony."). For all these reasons, the Court dismisses defendant's counterclaim for perpetuation of testimony.

**B.   Declaratory relief**

Plaintiff also moves for dismissal of defendant's counterclaim under Fed. R. Civ. P. 12(b)(1) because the counterclaim seeks declaratory relief relating to the Internal Revenue Code and other statutes pertaining to defendant's operation of a warehouse bank.[1] See Motion at 5; Dkt. #22 (Counterclaim) at 8-11. The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes a federal court to grant declaratory relief in a case of actual controversy within its jurisdiction, whether or not further relief is or could be sought. The Act, however, expressly prohibits the granting of relief "with respect to federal taxes." 28 U.S.C. § 2201(a); Latch v. United States, 842 F.2d 1031, 1033 (9th Cir. 1988) ("[A] federal district court may not entertain a declaratory judgment action 'with respect to federal taxes.'"). "The purpose of the federal tax exception to the Declaratory Judgment Act is to protect the government's ability to assess and collect taxes free from pre-enforcement judicial interference, and to require that disputes be resolved in a suit for refund." State of California v. Regan, 641 F.2d 721, 722 (9th Cir. 1981). None of the exceptions to the general rule barring declaratory relief involving federal taxes applies to this case. See id. Accordingly, defendant's counterclaim for declaratory relief is dismissed for lack of jurisdiction.

## III.  CONCLUSION

For all of the foregoing reasons, "Defendant's Counterclaim for Declaratory Relief, Other" (Dkt. #22) is DISMISSED.

---

[1] Defendant's contentions concerning his right to "arrest" are separately addressed in the Court's Order Denying Defendant's Motion for Curative Instruction. See Dkt. #22 (Counterclaim) at 11-12.

1     DATED this 24th day of September, 2007.

*signature: Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
TO DISMISS DEFENDANT'S COUNTERCLAIM    -4-