UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>     v.<br><br>ROBERT C. ARANT,<br><br>                Defendant. | No. C07-0509RSL<br><br>ORDER DENYING MOTION TO RECUSE AND REFERRING MATTER TO THE HONORABLE MARSHA J. PECHMAN FOR REVIEW |

       On October 29, 2007, defendant Robert Arant filed an affidavit of prejudice requesting that the undersigned recuse himself from this proceeding because "he has been named as a hostile witness" in defendant's petition to empanel a grand jury and "has proven himself to be an aid to the Plaintiff in this case." Dkt. # 36.

       Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

ORDER

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial.  Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact.  Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal).  A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case:  the alleged bias must result from an extrajudicial source.  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

Defendant has not identified any extrajudicial source of the alleged prejudice.  The only evidence of bias suggested by defendant is the fact that the undersigned has ruled against him (or co-complainant David Myrland) in the course of this litigation.  Other than his assertion that a previous ruling was "wrongful," defendant does not attempt to show that the prior decisions were legally or factually incorrect.  Judicial decisions made during the course of litigation are rarely an adequate basis for a motion to recuse.  The losing party often disagrees with the judge's ruling but cannot use the recusal process for a strategic purpose or to "judge shop."  See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).[1]  Although an adverse decision may, in limited circumstances, give rise to an inference of bias if it is so arbitrary that the motives of the judicial officer could rightly be questioned, there is no basis for such an inference here.

Following the Court's rulings in this case, defendant filed a "Petition and Demand

---

[1] Objections to an adverse decision must be raised through a motion for reconsideration or on appeal, not through a motion to recuse.

ORDER                                                                                     -2-

for the empanelment of a Grand Jury" in King County Superior Court and Mr. Myrland filed a complaint against the undersigned with the Federal Bureau of Investigation. It is clear, however, that a judge is not automatically disqualified under either 28 U.S.C. § 455 or 28 U.S.C. § 144 merely because a litigant sues or threatens to sue him. United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977), cert. denied, 435 U.S. 954 (1978). Defendant's conclusory claims concerning the undersigned's prejudice against him flow directly from disagreements about the Court's decisions in this case. Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, defendant has not met his burden of showing an appearance of bias.

The undersigned finds that his impartiality cannot reasonably be questioned despite the fact that (a) he has ruled against defendant in this matter and (b) defendant has requested a grand jury investigation. There being no evidence of bias or prejudice, the undersigned declines to recuse himself. Pursuant to Local General Rule 8(c), this matter is hereby referred to the Honorable Marsha J. Pechman for review.

Dated this 9th day of November, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER                    -3-