07-CV-00509-CMP

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

DEC 28 2007   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES,<br>　　　　　　PLAINTIFF,<br><br>　　vs.<br><br>Robert C. Arant, individually and dba<br>Olympic Business Systems, LLC,<br>　　　　　　Defendants. | ) No. **CV-07-0509-L**<br>)<br>) DEFENDANT'S MOTION TO<br>) DISMISS for failure to state a claim.<br>)<br>)　　　F.R.Cv.P 12(b).<br>)<br>)<br>) NOTE FOR: **Jan. 25th , 2008** |

## I. RELIEF REQUESTED.

1.1 COMES NOW, Defendant above named, seeking specific relief in the form of dismissal of Plaintiff's complaint for failure to state a claim upon which relief maybe granted. (FRCvP 12). As in recent decades, Plaintiff is again and still wholly unable to prove it has any statutory authority to speak to Americans about 26 USC and its provisions. Indeed, the record is virtually replete with proof that the Plaintiff has no authority to speak to any American about the provisions of the Tax Code. Defendant's "Second Mandatory Judicial Notice and Offer of Proof" (hereinafter "2nd Notice") filed 12/27/07 is incorporated by this reference as if fully restated herein.

DEFENDANT'S MOTION TO
DISMISS for failure to state a claim.　　　Page 1 of 14

Robert C Arant
17837 1st Ave S # 193
Seattle, WA  98148

1       1.2 Quite revealing is the Plaintiff's insistence that a demand for a statute which

2 implicates the Defendant is "frivolous," and is nothing short of looking straight at the U.S.

3 Supreme Court (See *Brown & Williamson v. F.D.A.*, 153 F.3d 155, 160-167 (CA4 1998), aff'd

4 529 U.S. 120 (2000)) and calling it "frivolous" as well. Defendant was unaware that the

5 structure of government and all standards of due process are cast aside or stood upon their

6 heads in tax cases, that the IRS and DOJ are to run free from Congressional trivia such as

7 statute. This shocks no one; Plaintiff fails.

8       1.3 The authorities cited herein and the Plaintiff's lack of statutory authority to act as

9 complained of establishes Defendant's rights to dismissal as a matter of law. *Any and all*

10 *emphasis* employed herein may be construed to have been added. The term "as briefed" shall

11 be construed to mean or indicate the supporting fifty eight (58) page memorandum found at

12 **Ex.A** to his 2nd Notice. The 18 USC § 4 complaint of RICO violations and others, and its

13 supporting 58 page memorandum, are incorporated by this reference as if fully restated herein,

14 and its exhibits are as follows:

15

16 **Exhibit A**: This is a RICO criminal complaint filed pursuant to 18 USC § 4 with eighty
17 members of Congress (approx.) via U.S. post on 12/28/05 which details in brief how the
18 nature and scope of 26 USC has been manipulated through regulation to accomplish
what the IRS says is the due administration of internal revenue laws.

19 **Exhibit B**: Defendant's joinder to the complaint at **Ex.A** hereto (filed 5/18/07)
20 complaining to Congress of the federal crimes to which the conduct of the Plaintiff and
21 its counsel amount.

22 **Exhibit C**: Defendant's and witness' felony criminal complaint and petition to empanel
23 a Grand Jury filed 10/19/07 in King County Superior Court (Kent, WA # 07-2-33375-4
24 KNT).

25 **Exhibit D**: Defendant's and witness' joinder of U.S. Dist. Court Chief Judge ROBERT
26 LASNIK to the state felony complaint at **Ex.C** hereto (filed 12/21/07) alleging a
27 violation on his part of RCW 9A.82.060 Leading organized crime. (2 counts).

28 **Exhibit E**: Defendant's and witness' civil complaint filed 10/15/07 in King County
29 Superior Court (Kent, WA # 07-2-33375-4 KNT) for declaratory judgment affirming
30 rights to citizen's arrest under RCW 9A.16.020 of the persons of the two U.S. attorneys
and the two IRS agents named as parties defendant thereto.

31

32

Robert C Arant
17837 1st Ave S # 193
Seattle, WA 98148

**Exhibit F**: IRS Notice to the Defendant claiming rights to fines in excess of $250,000.00 (U.S.).

1.4 Without clear proof of statutory authority under these challenges, Defendant will feel free to perform the arrest of the Plaintiff's counselors, in their homes, at the time of his choosing, at any time during relevant statute of limitations; Plaintiff always fails.

## II. DEFENDANT'S STATUTORY CHALLENGES.

2.1 As directed by *Brown v. FDA, supra,* and by *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984), we employ the traditional tools of statutory construction to ascertain congressional intent regarding whether it intended to embrace as subject to 26 USC, chapters one, two, twenty one, and/or twenty four, the Defendant who is a Citizen of the United States, an American, a resident of one of the fifty freely associated compact states. This is a very specific and certain political status (26 CFR 1.1-1(c)) hereby claimed by the Defendant for the purposes of 26 USC only; all rights reserved.

2.2 We begin with the basic proposition that agency power is "not the power to make law. Rather, it is 'the power to adopt regulations to carry into effect *the will of Congress as expressed by the statute.*' " *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 213-14 (1976) (quoting *Manhattan Gen. Equip. Co. v. Commission,* 297 U.S. 129, 134 (1936)). "[I]t [is] the judiciary's duty "to say what the law is." *Marbury v. Madison,* 1 Cranch. 137, 177 (1803) (Marshal, C.J.)." (See *U.S. v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 1633 (1995). Thus, our initial inquiry is whether Congress intended to subject the Defendant to the 26 USC income taxes. (See *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208 (1988) (stating that "[i]t is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress"); *INS v. Chadha,* 462 U.S. 919, 953 n.16, 955 n.19 (1983) (providing that agency action "is always subject to check by the terms of the legislation that authorized it; and if that authority is exceeded it is open to judicial review" and "Congress ultimately controls administrative agencies in the legislation that creates them")).

2.3 Under *Chevron,* and *Brown,* we first consider the intent of Congress because "[i]f the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency,

Robert C Arant
17837 1st Ave S # 193
Seattle, WA 98148

1 must give effect to the unambiguously expressed intent of Congress." (See *Chevron*, 467 U.S.
2 at 842-43). It is only if the intent of Congress is ambiguous that we defer to a permissible
3 interpretation by the agency. *Id.*, at 843.

4       2.4 The starting point in every case involving construction of a statute is the language of
5 the statute itself. (See *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685 (1985) (quoting
6 *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756 (1975) (Powell, J., concurring));
7 *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 173-175
8 (1994)). A person or thing must meet the statutory definition of a term to be subject to the
9 legislation to be applied. A statutory definition excludes things or persons not mentioned
10 therein. [1] Even in the case of a statutory definition which contains the term "includes" instead
11 of the term "means." (See *Meese v. Keene*, 481 U.S. 465, 484 (1987)).

13       ***"It is axiomatic that the statutory definition of the term excludes unstated meanings***
14 ***of that term.*** *Colautti v. Franklin*, 439 U.S. 379, 392, and n.10 (1979). Congress' use of
the term "propaganda" in this statute [22 U.S.C. 611-621], as indeed in other legislation,
15 has no pejorative connotation. ***As judges, it is our duty to construe legislation as it is***
16 ***written, not as it might be read by a layman, or as it might be understood by someone***
***who has not even read it. If the term "political propaganda" is construed consistently***
17 ***with the neutral definition contained in the text of the statute itself, the constitutional***
18 ***concerns voiced by the District Court completely disappear.*"** [2]

19       "On its face, this is an attractive argument. ***Petitioner urges that, in view of the severity***
20 ***of the result flowing from a denial of suspension of deportation, we should interpret***
***the statute by resolving all doubts in the applicant's favor.*** Cf. *United States v. Minker*,
21 350 U.S. 179, 187-188. ***But we must adopt the plain meaning of a statute, _however_***
22 ***_severe the consequences_.*** Cf. *Galvan v. Press*, 347 U.S. 522, 528." [3]

[1] See *Stenberg v. Carhart*, 530 U.S. 914, ___ (2000); *Walters v. Metropolitan Enterprises, Inc. et al.*,
519 U.S. 202 (1997); *Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972); *U.S. v.
Minker*, 350 U.S. 179, 192 (1956); *Jay v. Boyd*, 352 U.S. 345, 357 (1956); *Galvan v. Press*, 347 U.S.
522, 530 (1954); *Honig v. Doe*, 484 U.S. 305, 324 (1988); *Meese v. Keene*, 481 U.S. 465, 484 (1987);
*INS v. Hector*, 479 U.S. 85, 88 (per curiam opinion) (1986); *FRS v. Dimensional Financial Corp.*, 474
U.S. 361, 365 (1986); *US v. Turkette*, 452 U.S. 576, 593 (1981); *Goldberg v. US*, 425 U.S. 94, 112
(1976); *Gurley v. Rhoden*, 421 U.S. 200, 205 (1975); *Fleischmann Distilling Corp. v. Maier Brewing
Co.*, 386 U.S. 714 719 (1967)).
[2] See *Meese v. Keene, Id.*, at 484.
[3] See *Jay v. Boyd*, 352 U.S. 345, 357 (1956).

Robert C Arant
17837 1ˢᵗ Ave S # 193
Seattle, WA 98148

1  2.5 Defendant's claims are based solely upon statute and broad and well established
2  maxims of statutory construction and are supported by the highest of authorities; Plaintiff has
3  failed. **Both Issues A and B herein** are also briefed in Defendant's 2nd Notice at its **Ex.A** at
4  pp.17-23 of 58 pg. memorandum therein and remain without challenge.

**A. Plaintiff wants for requisite statutory authority to act against Defendant.**

2.6 In 26 USC Congress has indeed named a subject of the tax or procedure in other
commonly applied portions of the Tax Code's statutory scheme, such as in its chapter two:

§ 1402(b) . . . *An individual who is not a citizen of the United States* but who is a
resident of the Commonwealth of Puerto Rico, the Virgin Islands, Guam, or American
Samoa *shall not, for the purposes of this chapter be considered to be a nonresident
alien individual.*

26 CFR 1.1402(b)-1(d) Nonresident aliens. A nonresident alien individual never has
self-employment income. While *a nonresident alien individual* who derives income
from a trade or business carried on within the United States, Puerto Rico, the Virgin
Islands, Guam, or American Samoa... *may be subject to the applicable income tax
provisions* on such income, such nonresident alien individual *will not be subject to the
tax on self-employment income,* since any net earnings which he may have...do not
constitute self-employment income. *For the purposes of the tax on self-employment
income, an individual who is not a citizen of the United States but who is a resident of
the Commonwealth of Puerto Rico, the Virgin Islands, or . . . of Guam or American
Samoa is not considered to be a nonresident alien individual.*

And in Tax Code chapter 21, Congress named a subject:

§ 3121(e) An individual who is *a citizen of the Commonwealth of Puerto Rico* (but not
otherwise a citizen of the United States) *shall be considered . . . as a citizen* of the
United States.

26 CFR 31.0-2(a)(1) The terms defined in the provisions of law contained in the
regulations in this part shall have the meaning so assigned to them.

26 CFR 31.3121(e)-1(b) ...The term "citizen of the United States" includes a citizen of
the Commonwealth of Puerto Rico or the Virgin Islands, and, effective January 1, 1961,
a citizen of Guam or American Samoa.

And in Social Security administration legislation Congress named a beneficiary:

DEFENDANT'S MOTION TO
DISMISS for failure to state a claim.          Page 5 of 14

Robert C Arant
17837 1st Ave S # 193
Seattle, WA 98148

42 USC § 411(b)(2) The net earnings from self-employment, if such net earnings for the taxable year are less than $400. *An individual who is not a citizen of the United States* but who is a resident of the Commonwealth of Puerto Rico, the Virgin Islands, Guam, or American Samoa *shall not*, for the purpose of this subsection, *be considered to be a nonresident alien individual*. In the case of church employee income, the special rules of subsection (i)(2) of this section shall apply for purposes of paragraph (2).

And in Tax Code chapter 24, Congress has named a subject of Form W-4 requirements:

§ 3401(c) Employee.- For the purposes of this chapter, the term "employee" includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term "employee" also includes an officer of a corporation.

2.7 And these are the only other chapters of the Tax Code, other than chapter one, which the Plaintiff employs against or upon the individual, employee or self employed, as it relates to the imposition of taxes under 26 USC and compensation for personal services performed by the Defendant. None of these subjects, expressly named by Congress, happen to be the Defendant.

2.8 In those chapters referenced above, all subjects of these taxes were found in statutes called "definitions," but in chapter 1 of 26 USC we find no section called "definitions" which even remotely mentions a subject or "citizen" as we found so clearly identified in these other chapters. These definitions are merely a simple expression or exercise of the power conferred upon Congress by U.S. Constitution, Amdt. 16, to wit:

U.S. Constitution, Amdt. 16, February 25, 1913. "The *Congress shall have power to lay and collect taxes on incomes*, from whatever source derived, without apportionment among the several States and without regard to any census or enumeration."

"*But the section contains nothing to that effect*, and, therefore, *to uphold* [IRS Commr's] addition to the tax *would be to hold that it may be imposed by regulation, which, of course, the law does not permit. U.S. v. Calamaro*, 354 US 351, 359; *Koshland v. Helvering*, 298 US 441, 446-67; *Manhattan Equipment Co. v. Commissioner*, 297 US 129, 134." [4]

---

[4] See *C.I.R. v. Acker*, 361 U.S. 87, 92 (1959).

DEFENDANT'S MOTION TO
DISMISS for failure to state a claim.          Page 6 of 14

Robert C Arant
17837 1st Ave S # 193
Seattle, WA 98148

1    2.9 Plaintiff has stated that it's "frivolous" to expect taxation under statute (Plaintiff's
2 reply to Defendant's motion for curative instruction [decided] 9/24/07), while Congress has
3 clearly identified a subject in chapters of the Tax Code which impose taxes which clearly <u>do</u>
4 <u>not</u> pertain to the Defendant but rather apply to people with other citizenships and occupations
5 and their "income," Congress has at the same time <u>never</u> identified a subject citizen in chapter
6 one, the Defendant's citizenship finding its sole mention in regulation alone. "Money
7 laundering may be socially destructive, but it is not a crime." (See *U.S. v. Murphy*, 809 F.2d
8 1427 at [1,2] (CA9 1987) (regulation failed to implement statute completely, regulations serve
9 only to *implement* statutes, nothing more); see also *Brown & Williamson, supra*; *Cal. Bankers
10 Assoc'n v. George Schultz* (U.S. Sec. of State), 416 U.S. 21, 1974) (a statute w/no
11 implementing regulation is inoperative)).

13       26 CFR 1.1-1   *Income tax on individuals*. (a) General rule. (1) *Section 1 of the Code*
14 *imposes an income tax on the income of every individual who is a citizen or resident
of the United States* . . .
15       (b) Citizens or residents of the United States liable to tax. *In general, all citizens
16 of the United States, wherever resident*, and all resident alien individuals *are liable to
the income taxes imposed by the Code* whether the income is received from sources
17 within or without the United States. . .
18       (c) Who is a citizen. *Every person born or naturalized in the United States and
subject to its jurisdiction* is a citizen. . .

20    2.10 This **regulation** is not the work or intent of Congress. Congress has never named
21 the Defendant, a Citizen of the United States, as subject to any tax imposed under the
22 provisions of 26 USC. Agency power is "not the power to make law. Rather, it is 'the power to
23 adopt regulations to carry into effect *the will of Congress as expressed by the statute*.' " See
24 *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 213-14 (1976) (quoting *Manhattan Gen. Equip. Co.
25 v. Commission*, 297 U.S. 129, 134 (1936)).

26 **Summary of Issue (A):**
27    2.11 Because executive branch officials have no legislative authority, their regulations
28 cannot add to or detract from those enactments of Congress, our lawmakers. While Congress
29 has taken the time to name a subject of taxes imposed by chapters other than chapter 1, it has
30 failed to identify the Defendant, in any chapter, as a subject of any tax imposed by 26 USC.

31

32

Robert C Arant
17837 1st Ave S # 193
Seattle, WA 98148

2.12 Defendant has a right to know how the law operates to impose the Plaintiff's tax, the Plaintiff has the burden of proof under the weight of Defendant's evidence, and Defendant prevails when plain discussion about the provisions relied upon cannot be obtained. Nothing in 26 USC even remotely implicates the Defendant (private sector employee, self employed, capital gains) as the subject of any tax imposed thereunder.

2.13 The mention of Defendant's Citizenship in mere regulation is a grossly insufficient basis upon which to tax the Defendant. The Secretary of the Treasury has imposed a tax on the Defendant through 26 CFR 1.1-1(c), but has done so without authority to do so, the authority to lay income tax having been reserved to Congress and Congress alone. Said regulation is null and void for derogation of statute. This is Defendant's belief, and until it is dispelled with open discussion and logical application to the contrary Defendant will continue to act upon it.

**Questions under Issue (A):**

(QA)1. By what statutory authority does the Plaintiff seek to tax the Defendant? Can Plaintiff point to authorities naming as subject one with the political status and *situs* of the Defendant?

(QA)2. Is the citizen in §§ 1402(b) and 3121(e) really the same Citizen defined in 26 CFR 1.1-1(c)?

(QA)3. Is the Defendant rightfully deemed to be the employee in § 3401(c)?

(QA)4. Can the Secretary of the Treasury lay an income tax by naming a subject to the chapter one income tax where Congress has not?

(QA)5. Until Congress names the Defendant as subject, the Plaintiff is powerless to even approach the Defendant regarding any matter governed by 26 USC for lack of personam jurisdiction and statutory authority, right?

## B. Plaintiff wants for requisite statutory leave to operate.

2.14 Looking again only to the intent, *a fortiori*, the mandate, of Congress to first establish the limitations of agency authority, as one must, we find a very broad and general provision doubtlessly rooted in the Founding Fathers' creation of a federal government with limited powers. Congress has chosen to restrict the activities of certain offices (all of them) attached to the seat of government.

Robert C Arant
17837 1st Ave S # 193
Seattle, WA 98148

4 USC § 72. Public Offices; at seat of Government. All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law. (July 30, 1947, ch. 389, 61 Stat. 643.)

2.15 It is the Secretary of the Treasury who controls the IRS and who writes all needful rules and regulations for the enforcement of 26 USC (See 26 USC §§ 7801, 7805), so it is that Office, or perhaps the Office of the Commissioner of Internal Revenue, which must acquire the leave required by 4 USC § 72. Plaintiff will claim in error that 26 USC § 7621 is the grant of leave required under 4 USC § 72, claiming that the office of the President of the United States is somehow the same office occupied by the Commissioner of Internal Revenue and/or the Secretary of the Treasury.

26 USC § 7621 Internal Revenue Districts.
　　　(a) Establishment and alteration.-*The President* shall establish convenient internal revenue districts for the purpose of administering the internal revenue laws. The President may from time to time alter such districts.
　　　(b) Boundaries.-For the purpose mentioned in subsection (a), *the President* may subdivide any State or the District of Columbia, or may unite into one district two or more States.

2.16 The fault of such a claim is further exposed by the *definitions* of the terms "State" and "United States" that apply to the entire Tax Code.

26 USC § 7701 Definitions.
　　　(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof-
　　　(9) United States.-The term "United States" when used in a geographical sense includes only the States and the District of Columbia.
　　　(10) State.-The term "State" shall be construed to include the District of Columbia, where such construction is necessary to carry out provisions of this title. [5]

2.17 A "definition" is a limitation upon the term defined (See any dictionary). Defendant charges that Congress has limited the Office of the Secretary of the Treasury to

---

[5] Under this definition, Alaska and Hawaii were removed from applicability upon receiving freely associated compact state status (See P.L. 86-624, § 18(j); P.L. 86-70, § 22(a)). The fifty freely associated compact states are "countries" (See 28 USC § 297(b)).

Robert C Arant
17837 1st Ave S # 193
Seattle, WA 98148

operation in Washington D.C. and U.S. possessions, having never granted <u>express</u> statutory leave to operate elsewhere.

2.18 Defendant has challenged Plaintiff's (Sec. of Treas.) **statutory authority** to operate outside of Washington, D.C.. Proof of jurisdiction is the Plaintiff's burden. [6]

**Summary of Issue (B):**

2.19 Congress requires that the Office of the Secretary of the Treasury receive statutory leave to operate outside Washington, D.C., the seat of government of the United States. If the Secretary of the Treasury (hereinafter "Secretary") has such permission, Defendant demands that it be disclosed, in plain language, and that the statute granting such leave be cogently ruled upon.

2.20 The Internal Revenue Code is not enforceable against the Defendant for the Secretary's lack of the requisite leave to operate under 4 USC § 72.

2.21 The Secretary and his delegates, *i.e.*, Commissioner of Internal Revenue, have no authority to operate outside Washington, D.C., as required under 4 USC § 72. No such authority is found in the language of 26 USC § 7621 which only applies to the Office of the President of the United States and "revenue districts." This is Defendant's belief, and until it is dispelled with open discussion and logical application to the contrary Defendant will continue to act upon it.

**Questions under Issue (B):**

(QB)1. Is the Office of the President the same Office as that held by the Secretary? If not, can § 7621 be said to be grant of leave to the Secretary to operate outside of Washington, D.C.?

(QB)2. Where is the Secretary of the Treasury's authority to operate outside of Washington D.C.?

---

[6] See *KVOS v. Associated Press*, 299 U.S. 269, 57 S.Ct. 197, 200, 31 L.Ed. 183 (1936): "…[w]here the allegations…are challenged by the defendant in an appropriate manner, *the plaintiff must support them by competent proof.*" Also, from *F & S Contr. Co. v. Jensen*, 337 F.2d 160, 161-162, (10th Cir.1963): "[I]t *is now settled that when there is an issue as to the sufficiency of jurisdictional amount, the burden of providing jurisdiction is on the party asserting it. City of Lauden, Okla. v. Chapman*, 257 F.2d 601 (10th Cir.); *McNutt v. General Motors Acceptance Corp.*, 289 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. Further more, statutes conferring jurisdiction on federal courts are to be strictly construed *and doubts resolved against federal court's jurisdiction. Aetna Ins. Co. v. Chicago R.I. & P.R.R.*, 229 F.2d 584 (10th Cir.); *Hely v. Ratta*, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248."

Robert C Arant
17837 1st Ave S # 193
Seattle, WA 98148

1   (QB)3. Is 26 USC § 7621 a grant of leave for the Secretary of the Treasury to operate
2   outside of Washington D.C.?

3   (QB)4. If the IRS cannot supply proof of requisite leave under 4 USC § 72, can
4   Defendant lawfully be approached by the Plaintiff in any way?

6   **C. Defendant has proven his innocence, burden now falls upon Plaintiff.**

7   2.22 The Defendant has proven 26 USC's limited scope which excludes him, he has
8   proven Plaintiff lacks Congressional leave as Congress has required, and he has done so in a
9   way designed to inflame the Plaintiff over its RICO scheme having been exposed for what it is.
10  (See Defendant's 2nd Notice at its Ex.A, pp.10-16 of 33, ¶¶ 3.1 to 3.3). Inasmuch as Defendant
11  has so unequivocally proven his innocence, and in such voluminous abundance, his valid
12  challenges shall be understood to be the law until such time as when the Plaintiff offers logical
13  and cogent refutation based upon law; Plaintiff always fails.

15      "There is sufficient evidence to support a conviction if, viewing the evidence in the
16      light most favorable to the prosecution, *any rational trier of fact could have found the*
        *essential elements of the crime beyond a reasonable doubt.*" *United States v. Nelson,*
17      137 F.3d 1094, 1103 (9th Cir. 1998) (citing *Jackson v. Virginia,* 443 U.S. 307, 319
18      (1979)). Because Orduno-Aguilera *properly preserved this issue by making a motion*
        *for an acquittal after the close of all evidence,* this court's standard of review is the
19      same as that of the district court's denial of that motion. *United States v. Bahena-*
20      *Cardenas,* 70 F.3d 1071, 1072-73 (9th Cir. 1995)."

21      "[4] . . . *Because this fact is a necessary element of the statutory definition* of anabolic
22      steroids, which is in turn *a necessary element of the offense, failure to offer this*
        *evidence resulted in insufficient evidence to sustain the jury's verdict.*"
23

24  See *U.S. v. Orduno Aguilera,* No.98-50346 (CA9 filed 7/19/99). **Further -**

25      "No rational trier of fact (a judge) could have found that this standard was met for
26      Estrada. *The record was barren of evidence that he participated* in the conspiracy."

27      "[2] Even though Estrada initially denied living in the trailer, his denial was as
28      consistent with non-participating knowledge of the crime as it was with complicity in
        the crime. *When there is an innocent explanation for a defendant's conduct as well as*
29      *one that suggests that the defendant was engaged in wrongdoing, the government*
30      *must produce evidence that would allow a rational jury to conclude beyond a*
31

32

Robert C Arant
17837 1st Ave S # 193
Seattle, WA 98148

> *reasonable doubt that the latter explanation is the correct one.* In Estrada's case, the government produced no such evidence."

See *U.S. v. Estrada-Macias*, No.97-10115 (CA9 filed 7/12/2000).

> "[12] Unlike *Herrera-Gonzalez,* **the government has presented no evidence whatsoever** that contradicts Esquivel's story or that indicates his "intentional participation" in the conspiracy. The government has emphasized that Esquivel must have known about the conspiracy, but *it has failed to point to any evidence that supports the conviction.* Our criminal justice system is not based solely on inferences and assumptions. *There must be evidence sufficient to sustain a conviction,* and, here, "*[t]he record is barren of evidence*" that Esquivel participated in the conspiracy. *Estrada-Macias,* 218 F.3d at 1066-67.
>
> [13] *The government has presented no evidence* that establishes Esquivel's knowledge or possession of the cocaine and *no evidence of his participation* in the conspiracy. Esquivel's convictions for possession with intent to distribute and for conspiracy to distribute drugs accordingly are **REVERSED.**"

See *United States v. Esquivel-Ortega,* #05-30355 (CA9 5/8/07).

2.23 The presumption of correctness enjoyed by the IRS disappears upon introduction of evidence to the contrary, a "determination" must be the result of a consideration of all relevant facts and statutes.[7] Cited herein is an abundance of <u>evidence to the contrary</u> and the Plaintiff will forever be silent as to the defects in the reasoning and conclusions employed and enumerated.

> "In the present case, *the government has not even responded to Patzer's argument* that if his initial arrest was unlawful, all of the statements ( [8] ) and evidence obtained thereafter were sufficiently linked to the unlawful arrest that they must be excluded as an exploitation of that arrest."

---

[7] See *Hughes v. U.S.,* 953 F.2d 531 (CA9 1992); *Portillo v. Comm'r of IRS,* 932 F.2d 1128 (CA5 1991); *Elise v. Connett,* 908 F.2d 521 (CA9 1990); *Jensen v. Comm'r of IRS,* 835 F.2d 196 (CA9 1987); *Scar v. Comm'r of IRS,* 814 F.2d 1363 (CA9 1987); *Benzvi v. Comm'r of IRS,* 787 F.2d 1541 (CA11 1986); *Maxfield v. U.S. Postal Service,* 752 F.2d 433 (1984); *Weimerskirch v. Comm'r of IRS,* 596 F.2d 358, 360 (CA9 1979); *Carson v. U.S.,* 560 F.2d 693 (1977); *U.S. v. Janis,* 428 U.S. 433, 442 (1975); *Alexander v. "Americans United" Inc.,* 416 U.S. 752, 758-770 (1973); *Pizzarello v. U.S.,* 408 F.2d 579 (1969); *Terminal Wine,* 1 B.T.A. 697, 701-02 (1925); *Couzens,* 11 B.T.A. 1140, 1159, 1179.

[8] Footnote 21 from *Patzer:* The government has not argued that any statements obtained from Patzer's passenger should be any less subject to exclusion than physical evidence obtained as a result of the unlawful arrest. See *United States v. Ramirez-Sandoval,* 872 F.2d 1392, 1395 (CA9 1989) ("*Verbal evidence,* including live-witness testimony, *may be no less the 'fruit' of official illegality than is tangible, documentary evidence.*" (citing *United States v. Ceccolini,* 435 U.S. 268 (1978))).

Robert C Arant
17837 1ˢᵗ Ave S # 193
Seattle, WA 98148

See *U.S. v. Patzer*, 277 F.3d 1080, 1084 (CA9 2002) (marijuana not mentioned in Idaho DUI statute § 37-2701(s), unlawful arrest).

2.24 The Defendant knows that these standards do not count in tax cases due to some secret code or oath against America taken and worshipped under by those now accused of WA state felonies; if only he were a drug dealer. Put a memorandum with a contrary statutory analysis on the record so Defendant can stick a spear through it. Due process requires that the Plaintiff prove 26 USC operates upon the Defendant by statute, or that this Court dismiss this case with prejudice; all of you will fail.

### III. CONCLUSION.

3.1 This case is a charade, the world's mightiest legal department in the world and its personal judiciary made a mock under the weight of Defendant's evidence and challenges; again and in perpetuity. The Plaintiff's authority is borne of 26 CFR 1.1-1 alone. Plaintiff wants for requisite leave to operate under the authority of the U.S. Secretary of the Treasury. U.S. Dist. Court Chief Judge, Robert Lasnik, will ignore these well established facts and proceed in Plaintiff's favor, thus availing himself and his home to Defendant's rights under RCW 9A.16.020 and thus redefining the term "corruption" all at the same time.

3.2 When deciding to abandon all standards of due process and civil polity itself, merely to serve the lowliest of corrupt and criminally insane public servants who know themselves to be exactly that, as has been proven, this Court should consider the ramifications. Are America's judges really willing to dawn the flag of oppression the Plaintiff's counsel wields? Will they openly join in this farce? What about *justice for all*, or should we abolish the pledge of allegiance from public schools as mere child abuse, as the fraud the Plaintiff would have everyone believe? Should members of such a judiciary be permitted near any public school or child?

/ / /
/ / /
/ / /
/ / /
/ / /

Robert C Arant
17837 1ˢᵗ Ave S # 193
Seattle, WA 98148

3.3 The only thing left to decide is how utterly foolish and corrupt this court is willing to look (fn. [9] ) by serving as Plaintiff's savior from the wrath of Congress and its written law, yet again. Will mere pecuniary urges dominate yet another instance where justice should prevail instead, as has been the norm sought after and obtained by the Plaintiff for these many decades? Dismissal of this case with prejudice for failure to state a claim is the sole embodiment of justice and due process; Plaintiff will fail.

Dated: _Dec 27, 2007_

Respectfully submitted:

Robert C. Arant
17837 1st Ave S # 193
Seattle, WA 98148

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- CERTIFICATE OF SERVICE -

I, _JUDY BOENSTEIN_ , do hereby certify that I did deposit in U.S. Post First Class and in adequate packaging one copy of the attached documents (Robert C. Arant's Motion to dismiss (Rule 12(b)) in #CV-07-0509-L, U.S. Dist. Court at Seattle, WA) addressed to the following parties: Jeffrey C. Sullivan and Michael R. Pahl, U.S. Department of Justice, P.O. Box 7238 Ben Franklin Station, Washington D.C. 20044. I am a Citizen of the United States, I am over 18 years of age, and I am not party to this action.

_Dec 27th 2007_
Date

_Judy Bornstein_
Signature

---

[9] See *U.S. v. Lanier*, 520 U.S. 259 (1997); *Archie, et al., v. Lanier*, No. 94-5836 (CA6 1996).

DEFENDANT'S MOTION TO
DISMISS for failure to state a claim.          Page 14 of 14