Judge Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No.  CV07-509L |
| ) | |
| v. ) | UNITED STATES' MOTION TO |
| ) | CONVERT PRELIMINARY |
| ) | INJUNCTION TO A PERMANENT |
| ROBERT C. ARANT, individually, and ) | INJUNCTION AND FOR SUMMARY |
| dba Olympic Business Systems, LLC, ) | JUDGMENT |
| Defendants. ) | |
| ) | NOTE FOR: March 14, 2008 |
| _____ ) | |

### Question Presented

Because material facts are undisputed, should this Court convert the preliminary injunction to a permanent injunction and enter summary judgment?

### Factual and Procedural Background

On April 9, 2007, the United States file an ex parte motion for a temporary restraining order, seeking to enjoin Arant from operating Olympic Business Systems LLC, an illegal warehouse bank used by Arant's customers to hide their income, assets, and identities from the IRS. As part of this motion, the United States submitted the declaration of IRS Revenue Agent Susan Killingsworth.[1]  In this declaration, Killingsworth described how since November of 2002, Arant has promoted and marketed

---

[1]Declaration of IRS Revenue Agent Susan Killingsworth, Docket No. 6, April 10, 2007.

United States' Motion to Convert
Preliminary Injunction to a Permanent
Injunction and for Summary Judgment- 1
(C07-07-509L)

U.S. DEPARTMENT OF JUSTICE
Civil Tax Division
P.O. Box 7238
Washington, D.C.  20044
(202) 514-6488

1   a "warehouse banking" scheme used to help his customers to evade federal taxes and to

2   hide their income, assets, and identities from the IRS.[2]  Killingsworth attached to her

3   declaration documents from Olympic's now-defunct website, olympicbookkeeping.com,

4   detailing how Olympic was structured so that customers could use the bank to hide their

5   income, assets, and identities from the IRS.[3]  Killingsworth also discussed the many

6   Olympic documents sending false and unequivocal messages to Olympic's customers that

7   they could use this bank to avoid the IRS.[4]  Killingsworth also described actual customers

8   who used Olympic's bank to under-report and hide their income through the Olympic

9   warehouse banking scheme.[5]  Killingsworth also discussed how the  Olympic warehouse

10   banking scheme prevents the IRS from identifying Olympic's customers, identifying

11   customers' sources of income and expenditures, and levying on their accounts for unpaid

12   federal taxes.[6]  As a result, the IRS has had to take extraordinary efforts to identify

13   Olympic's customers and to determine their true income.[7]

14        On April 17, 2007, this Court issued an ex parte temporary restraining order

15   enjoining Arant from operating this warehouse bank.  The Court also set a preliminary-

16   injunction hearing on April 27, 2007.

17        At the April 27th preliminary-injunction hearing, which Arant attended,

18   Killingsworth testified regarding the Olympic warehouse banking scheme.[8]  The United

19   States also introduced 73 documents into evidence,[9] including those showing that

20

---

21     [2]*Id.* at ¶ 10, p. 2.

22     [3]*Id.* at ¶¶ 13-44, Ex. 1.

23     [4]*Id.,* Ex. 1.

24     [5]*Id.* at 53-63.

25     [6]*Id.* at ¶¶64-66.

26     [7]*Id.* at ¶ 76.

27     [8]Minute Order, Docket No. 16, May 2, 2007.

28     [9]*Id.*

United States' Motion to Convert
Preliminary Injunction to a Permanent
Injunction and for Summary Judgment- 2
(C07-07-509L)

U.S. DEPARTMENT OF JUSTICE
Civil Tax Division
P.O. Box 7238
Washington, D.C.  20044
(202) 514-6488

1    Olympic operates its warehouse banks through six accounts in three commercial banks.

2    The United States also introduced into evidence documents establishing that in order to

3    hide its illegal activities, Olympic operates through alter egos and nominees such as

4    "Atlas Group."  The United States also introduced into evidence documents establishing

5    that, after learning of the IRS's investigation, Arant directed customers to other entities

6    with identical (and thus highly suspicious) acronyms, such as "Oasis Business Systems"

7    and "Osprey Business Systems," and which used banking forms identical to those used by

8    Olympic. The United States also submitted an affidavit of an employee of Town Center

9    Bank in Portland, Oregon establishing that Arant violated the temporary restraining order

10   by attempting to withdraw Olympic funds from this bank.  Arant did not testify, call any

11   witnesses, or offer any evidence to rebut the United States' case.

12          After hearing the testimony of the IRS revenue agent who investigated Olympic,

13   reviewing the 73 documents submitted by the United States, and considering the

14   arguments of Arant and the government's counsel, the Court made, in Arant's presence,

15   extensive oral findings that Arant operates the Olympic warehouse bank through various

16   bank accounts and shell entities.  The Court then entered an order converting the

17   temporary restraining order into a preliminary injunction, finding that Arant "attempted to

18   withdraw funds from Town Center Bank, in violation of the temporary restraining

19   order."[10]  Despite the Court's finding that he had violated a court order, on May 10, 2007,

20   a few weeks after the preliminary injunction was entered, Arant demanded that the Bank

21   of America turn over Olympic's funds, [11] which the bank refused to do.[12]

22          Arant has never contested the factual basis for the orders entered by the Court.

23   Instead, Arant has repeatedly filed frivolous tax-protester pleadings and attempted to

24

25

26   _____

27   [10]Preliminary Injunction, Docket No. 14, April 27, 2007.

     [11]Pahl Dec. ¶¶ 3-4, Ex. 2.

28   [12]*Id.*

United States' Motion to Convert
Preliminary Injunction to a Permanent
Injunction and for Summary Judgment- 3
(C07-07-509L)

retrieve Olympic funds that are now owed to the United States.[13]  For example, Arant filed a motion for recusal, attaching a criminal complaint to the FBI regarding Chief Judge Lasnik and a demand that a King County grand jury be empaneled to investigate alleged felonies committed by the government's counsel.[14]  Arant's Motion to Dismiss also asserted that this Court has abandoned "all standards of due process and civil polity itself, merely to serve the lowliest of corrupt and criminally insane public servants."[15]

Arant also brought a motion for "curative instruction," seeking a court ruling permitting him to make a citizen's arrest of the government's counsel in the courtroom and bring arms into the courtroom if necessary to effectuate this arrest, [16] which this Court denied.  Asserting that this Court had failed to protect his constitutional rights, Arant then brought suit in King County Superior Court, seeking a declaratory judgment that he be permitted to use "any such arms and force as used by police" to arrest the government's counsel.[17]  After the government's counsel was served at his residence with the complaint, the United States removed the case to this Court.[18]

The Complaint, however frivolous, demonstrates that Arant does not contest the factual basis for the Court's injunction orders, only the *legal authority* for the government's action: "Despite a credible and well-founded challenge in U.S. District Court made by Arant, Defendants are unable to provide proof of a statutory basis for their action against Arant."[19]

---

[13]As set forth more fully in the United States' Motion for Disbursement of Olympic's Assets, the IRS has assessed penalties against Olympic under 26 U.S.C. § 6700 in the amount of $252,000.

[14]Motion for Recusal, Docket No. 36, October 29, 2007.

[15]Motion to Dismiss for Failure to State a Claim, Docket No. 41, Dec. 28, 2007, at 13.

[16]Motion for Curative Instruction, Docket No. 32, Aug. 7, 2007.

[17]*Myrland et al v. Pahl et al*, 2:08-cv-00017-RAJ (W.D. Wash. Jan. 7. 2008), Docket No. 1, Attachment No. 1, Exhibit A at 2, 4-5.

[18]*Id.*

[19]*Id.*, Exhibit A at 3-5.

United States' Motion to Convert
Preliminary Injunction to a Permanent
Injunction and for Summary Judgment- 4
(C07-07-509L)

U.S. DEPARTMENT OF JUSTICE
Civil Tax Division
P.O. Box 7238
Washington, D.C.  20044
(202) 514-6488

1    This Court, in entering the ex parte temporary restraining order and preliminary

2  injunction, set forth the statutory bases for the government's action:

3      26 U.S.C. § 7408(a) provides that the United States may file an action to
       enjoin any person from engaging in conduct that violates 26 U.S.C. § 6700
4      and 6700.  Section 6700 imposes a monetary penalty on any person who
       organizes, promotes, or sells a "partnership or other entity"or "any other
5      plan or arrangement" and in connection therewith makes or furnishes a
       statement about the tax consequences to participants which he knows, or
6      has reason to know, is false or fraudulent.  26 U.S.C. §6701 (a)(2)(A).[20]

7    Because Arant has not contested any factual allegations and the Court has already

8  determined the statutory authority on which the government's claim is based, the United

9  States' summary-judgment motion should be granted.

10                              **Legal Argument**

11    Summary  judgment is appropriate where the moving party demonstrates that there

12  is no genuine issue of material fact as to the existence of an essential element of the

13  nonmoving party's case on which the nonmoving party would bear the burden of proof at

14  trial.[21]  The moving party always bears the initial responsibility of informing the district

15  court of the basis for its motion, and identifying those portions of "the pleadings,

16  depositions, answers to interrogatories, and admissions on file, together with the

17  affidavits, if any," which it believes demonstrate the absence of a genuine issue of

18  material fact.[22]

19    A fact is "material" for purposes of a motion for summary judgment where proof

20  of that fact "would have [the] effect of establishing or refuting one of the essential

21  elements of a cause of action or defense asserted by the parties."[23]   A dispute over a

22  material fact is genuine "if the evidence is such that a reasonable jury could return a

23

24  ───────────────

25  [20]Temporary Restraining Order, Docket No. 9, April 17, 2007; Preliminary Injunction,
    Docket No. 14, April 27, 2007.

26  [21]*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

27  [22]*Id.* at 323.

28  [23]*Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law
    Dictionary 881 (6th ed.1979)) (citations omitted).

United States' Motion to Convert
Preliminary Injunction to a Permanent
Injunction and for Summary Judgment- 5
(C07-07-509L)

U.S. DEPARTMENT OF JUSTICE
Civil Tax Division
P.O. Box 7238
Washington, D.C.  20044
(202) 514-6488

1   verdict for the nonmoving party."[24] Conversely, where a reasonable jury could not find

2   for the nonmoving party, there is no genuine issue of material fact for trial.[25]   In making

3   this evaluation, the court must examine the evidence and draw all reasonable inferences in

4   favor of the non-moving party.[26]

5        If this burden is met by the moving party, the non-moving party's failure to make a

6   showing that is "sufficient to establish the existence of an element essential to that party's

7   case, and on which that party will bear the burden of proof at trial" will mandate the entry

8   of summary judgment.[27]   The non-moving party may not rest upon the mere allegations

9   or denials of his pleadings, but the response, by affidavits or as otherwise provided in

10  Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for

11  trial. Fed.R.Civ.P. 56(e). The rule requires the non-moving party to introduce "evidence

12  of evidentiary quality" demonstrating the existence of a material fact.[28]

13       As noted above, in moving for summary judgment, the government relies on all

14  evidence received at the preliminary-injunction hearing, which formed the basis for this

15  Court's preliminary injunction.  Unless Arant can show material facts in dispute,

16  summary judgment should be granted.  At all stages in this case, Arant has not challenged

17  the government's facts, relying instead on frivolous tax-protestor arguments.

18       Under Rule 65, "any evidence received upon an application for a preliminary

19  injunction which would be admissible upon the trial on the merits becomes part of the

20  record on the trial and need not be repeated upon the trial."[29] Here, the Court has already

---

22  [24]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

23  [25]*Id.*

24  [26]*Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir.1984).

25  [27]*Celotex*, 477 U.S. at 322-23 (1986).

26  [28]*Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a mere scintilla of evidence to survive summary judgment).

27  [29]Fed.R.Civ.P. 65(a)(2).

United States' Motion to Convert
Preliminary Injunction to a Permanent
Injunction and for Summary Judgment- 6
(C07-07-509L)

U.S. DEPARTMENT OF JUSTICE
Civil Tax Division
P.O. Box 7238
Washington, D.C.  20044
(202) 514-6488

1  heard the testimony of IRS revenue agent Killingsworth, who was subject to cross-

2  examination at the preliminary-injunction hearing.  The Court also received numerous

3  Olympic documents that formed the basis for the preliminary injunction.

4       Although courts generally hold an evidentiary hearing before converting a

5  preliminary injunction into a permanent injunction, "such a hearing is not necessary

6  where no triable issues of fact are involved."[30]

7       The case of *United States v. Hargis*[31] is directly on point.  In that case, the court

8  received substantial evidence as part of the preliminary-injunction hearing establishing

9  that Hargis operated an illegal warehouse bank.  The Court then granted the United

10  State's motion to convert the preliminary injunction to a permanent injunction based on

11  the facts received at the preliminary-injunction hearing, as required under Rule 65.  The

12  Court also granted summary judgment because Hargis raised only legal issues in

13  opposing summary-judgment.  For the reasons set forth in *Hargis*, the Government's

14  motion for summary judgment should be granted, and this Court should convert the

15  preliminary injunction into a permanent injunction barring Arant from operating his

16  warehouse bank.

17       As the Court is aware from numerous pleadings in this case, Arant has not

18  contested any of the facts supporting the government's case.  Instead, Arant has relied

19  solely on frivolous legal arguments that there is no statutory authority to enjoin Arant for

20  operating this bank.  In granting the government's motions for a temporary restraining

21  order and a preliminary injunction, the Court has already rejected this argument.

22  Because the facts are uncontested and the legal issues have already been resolved in the

23  government's favor, the United States' summary-judgment motion should be granted.

24                              **Conclusion**

---

[30] *United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1983); *see also Charlton v. Estate of Charlton*, 841 F.2d 988, 989 (9th Cir. 1988); Fengler *v. Numismatic Americana, Inc*., 832 F.2d 745, 747 (2d Cir. 1987) (hearing is required for permanent injunction only if facts in dispute); *Socialist Workers Party v. Illinois State Bd. of Elections,* 566 F.2d 586 (7th Cir. 1977), *aff'd on other grounds*, 440 U.S. 173 (1979).

[31] No. SACV04-273-DOC, 2004 WL 2830715 (C.D. Cal. Dec. 6, 2004).

United States' Motion to Convert
Preliminary Injunction to a Permanent
Injunction and for Summary Judgment- 7
(C07-07-509L)

1    Because material facts are undisputed, this Court should convert the preliminary

2 injunction to a permanent injunction and enter summary judgment.

3

4    Dated:  February 5, 2008              JEFFREY C. SULLIVAN
                                           United States Attorney
5
                                           s/Michael R. Pahl
6                                          MICHAEL R. PAHL
                                           Trial Attorney, Tax Division
7                                          U.S. Department of Justice
                                           P.O. Box 7238, Ben Franklin Station
8                                          Washington, D.C.  20044
                                           Telephone: (202) 514-6488
9                                          Fax:          (202) 514-6770
                                           michael.r.pahl@usdoj.gov
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States' Motion to Convert
Preliminary Injunction to a Permanent
Injunction and for Summary Judgment- 8
(C07-07-509L)

U.S. DEPARTMENT OF JUSTICE
Civil Tax Division
P.O. Box 7238
Washington, D.C.  20044
(202) 514-6488