UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. C07-0509RSL |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND FOR A PERMANENT INJUNCTION; DENYING DEFENDANT'S MOTION TO DISMISS; ORDER TO SHOW CAUSE |
| v. | |
| ROBERT C. ARANT, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff the United States of America (the "United States") for summary judgment and to convert the preliminary injunction entered in this case into a permanent injunction. In response, Arant filed a motion to dismiss for failure to state a claim upon which relief can be granted.

For the reasons set forth below, the Court grants the motion the Untied States' motions and denies Arant's motion.

## II. DISCUSSION

The United States alleges that since November 2002, Arant has promoted and

ORDER - 1

marketed a "warehouse banking" scheme to assist his customers to evade federal taxes and hide their income, assets, expenditures, and identities from the Internal Revenue Service ("IRS"). The facts regarding the scheme were set forth in the Court's prior order granting the United States' motions for a temporary restraining order and preliminary injunction and will not be repeated here.

On April 17, 2007, the Court issued a temporary restraining order restraining Robert Arant from operating his warehouse bank, Olympic Business Systems, LLC ("Olympic"), and freezing Olympic's assets. The Honorable Marsha J. Pechman, United States District Court Judge, held a preliminary injunction hearing on April 27, 2007. The United States presented numerous documents and testimony from the IRS agent investigating the bank. Arant attended the hearing but presented no evidence. Judge Pechman entered a preliminary injunction on April 27, 2007. Judge Pechman also found that after the Court issued the TRO, Arant "attempted to withdraw funds from Town Center Bank, in violation of the temporary restraining order." Dkt. #14 (the "Preliminary Injunction Order") at p. 5.

**A.     Standards.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). Federal Rule of Civil Procedure 56(e)(2) provides:

When a motion for summary judgment is properly made and supported, an

ORDER - 2

opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing does not so respond, summary judgment should, if appropriate, be entered against that party.

"The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy, 68 F.3d at 1221.

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

26 U.S.C. § 7408(a) provides that the United States may file an action to enjoin any person from engaging in conduct that violates 26 U.S.C. §§ 6700 and 6701. Courts may issue injunctions if they find: (1) that the person has engaged in any specified conduct, and (2) that injunctive relief is appropriate to prevent recurrence of such conduct. 28 U.S.C. § 7408(b). Section 6700 imposes a monetary penalty on any person who organizes, promotes, or sells a "partnership or other entity"or "any other plan or arrangement" and in connection therewith makes or furnishes a statement about the tax

ORDER - 3

consequences to participants which he knows, or has reason to know, is false or fraudulent. 26 U.S.C. § 6701(a)(2)(A). "'The traditional requirements for equitable relief need not be satisfied since section 7408 expressly authorizes the issuance of an injunction.'" United States v. Stephenson, 313 F. Supp. 2d 1054, 1057 (W.D. Wash. 2004) (quoting United States v. Estate Pres. Servs., 202 F.3d 1093, 1098 (9th Cir. 2000)). The United States must prove five elements to obtain injunctions under Sections 6700 and 7408:

> (1) the defendants organized or sold, or participated in the organization or sale of, an entity, plan, or arrangement; (2) they made or caused to be made, false or fraudulent statements concerning the tax benefits to be derived from the entity, plan, or arrangement; (3) they knew or had reason to know that the statements were false or fraudulent; (4) the false or fraudulent statements pertained to a material matter; and (5) an injunction is necessary to prevent recurrence of this conduct.

Estate Pres. Servs., 202 F.3d at 1098 (citing 26 U.S.C. §§ 6700(a), 7408(b)).

**B.  Analysis.**

As set forth more fully in the Court's Preliminary Injunction Order, the United States has proven all the elements necessary to obtain an injunction. Arant, individually and through Olympic Business Systems, participated in the sale of accounts with the Olympic Business Systems warehouse bank, which is an entity, plan, or arrangement within the meaning of 26 U.S.C. § 6700(a)(1)(A). In promoting Olympic Business Systems, Arant repeatedly falsely promises customers that they can legally hide their income, assets, expenditures and identities from the IRS through the warehouse bank. Arant knew or had reason to know of the falsity of the statements made in promoting Olympic Business Systems. Arant is or should be aware that courts have repeatedly held that warehouse banks are tax evasion schemes.

Arant's false statements pertain to the legality of a scheme to hide income, assets, expenditures, and identities from the IRS. As a result, Arant's repeated false statements

ORDER - 4

are "material" within the meaning of 26 U.S.C. § 6700.  Arant has continued to make these false statements even after the IRS notified him that he and Olympic Business Systems were under investigation.

Olympic Business Systems customers who owe substantial tax debts or have failed to file federal tax returns have used Olympic Business Systems and its six commercial bank accounts to hide their income, assets, expenditures, and identities from the IRS.  Arant refused to produce Olympic Business Systems's records as part of the IRS's investigation.  Arant attempted to withdraw funds from Town Center Bank, in violation of the temporary restraining order, and from the Bank of America, in violation of the preliminary injunction.  Arant's actions show that an injunction is warranted to prevent a reoccurrence of the conduct.

Although a court usually must conduct an evidentiary hearing before converting a preliminary injunction into a permanent injunction, it is not necessary to do so "when the facts are not in dispute."  Charlton v. Estate of Charlton, 841 F.2d 988, 989 (9th Cir. 1988).  In this case, the government has shown the absence of disputed material facts.  Arant argues that an issue of fact exists and dismissal is warranted because "no documents containing alleged false statement [under 26 U.S.C. § 6700] are on the record."  Motion to Dismiss at p. 6.  However, in the Preliminary Injunction Order, the Court concluded that "in promoting the warehouse bank, Arant and Olympic made false or fraudulent statements that their contractual obligations superceded all other laws, that the warehouse bank would be beyond the reach of the IRS, and that the tax code and related laws do not apply."  Dkt. #14 at p. 5.  The Court also cited to Arant's Customer Service Agreement containing those false statements.  Those findings are the law of the case, and Arant has not shown that they are erroneous.  Nor has he offered any facts to counter or undermine those findings.

ORDER - 5

Arant also argues that the Court should deny the motion for a permanent injunction and dismiss this case because "there is no testimony from anyone who purportedly acted wrongfully or illegally due to [his] advice." Motion to Dismiss at p. 6. However, the United States does not need to prove that Arant's customers relied on his advice to obtain an injunction. In a similar case, the Ninth Circuit stated that "Section 6700(a)(2)(A) penalizes promoters . . . who knowingly utter false statements with respect to certain tax matters." Estate Pres. Servs., 202 F.3d at 1099 (explaining that whether the "customers used that misinformation to violate the law is irrelevant" because Congress intentionally omitted taxpayer reliance as an element of the offense"). Regardless, the record contains evidence that Olympic's customers relied on Arant's false statements to open accounts with the warehouse bank to hide their income, assets, and identities from the IRS.

For these reasons, the preliminary injunction entered on April 27, 2007 is converted into a permanent injunction. Based on the foregoing,

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. Under 26 U.S.C. § 7408, a permanent injunction is entered prohibiting Arant, individually and doing business as Olympic Business Systems LLC or through any other business name, and his representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with him, from directly or indirectly promoting, marketing, or selling the warehouse bank scheme described above and from providing services to Olympic Business Systems customers.

2. Arant shall contact by mail (and also by e-mail, if an e-mail address is known) within 14 days of the entry of this Order all Olympic Business Systems customers, past and present, and inform them of the Court's findings concerning the falsity of Arant's representations and attach a copy of this permanent injunction. Arant shall file a sworn

ORDER - 6

1  certificate confirming his compliance with this portion of the Order, within 18 days of the
2  date of this Order.

3       3.  Arant shall provide to counsel for the United States, within 14 days after entry
4  of this Order, a complete list of Olympic's customers from January 1, 2000 through the
5  present, such list to include for each such person the name, address, phone number, e-
6  mail address, social security number or employer identification number.

7       4.  Arant shall file with the Clerk of this Court, within 22 days after entry of the
8  Court's order or judgment of injunction a sworn certificate of compliance, signed under
9  penalty of perjury, stating that he has complied with the foregoing directives.

10      5.  The United States is entitled to post-judgment discovery to monitor and ensure
11 Arant's compliance with this permanent injunction.

12      The United States' proposed order includes an award of costs.  The Court has not
13 awarded them in this order.  Instead, the United States should move for an award of costs
14 pursuant to Local Rule 54.

15 **C.   Intentional Misrepresentation in Arant's Memorandum.**

16      One final issue warrants the Court's attention.  In Arant's motion to dismiss and
17 opposition to the government's motion, he has intentionally misrepresented the names of
18 three cases involving judges who engaged in criminal and highly inappropriate conduct.[1]
19 Arant substituted the Court's name for the real judges' names in the case captions,
20 apparently for the sole purpose of denigrating the Court.  Arant, as a party to this action,
21 is required to be truthful in all of his filings before the Court.  Instead, his conduct in this
22 regard is blatantly dishonest and disrespectful.  Arant's conduct also violates Rule

---

[1] The three cases Arant misrepresented are United States v. Lanier, 520 U.S. 259 (1997); Archie v. Lanier, 95 F.3d 438 (6th Cir. 1996); and State of Oklahoma v. Donald D. Thompson, CF-2005-16 (2003) (unreported).

ORDER - 7

11(b)(1) because the information in the filing is intentionally inaccurate and intended to harass.

In addition, Arant's citation to the cases was wholly gratuitous.  The issues in this case have nothing to do with whether other judges committed criminal acts in the past or with Arant's opinions of judges in general or this Court in particular.  The Court therefore strikes paragraph 1.3 of Arant's motion to dismiss.

Pursuant to Rule 11 and the Court's inherent authority, it appears appropriate to issue sanctions against Arant for intentionally misrepresenting the facts and nature of caselaw before the Court.  It further appears that sanctions in the amount of $1,000 is appropriate given the severity of the misrepresentation and to deter similar conduct in the future.  Arant is therefore ORDERED to show cause, no later than April 10, 2008, why such sanctions should not be imposed.  Furthermore, Arant is warned that if he misrepresents legal authority again in the future, his entire memorandum may be stricken and not considered by the Court.

For all of the foregoing reasons, the United States' motion for summary judgment and for a permanent injunction (Dkt. #49) is GRANTED and Arant's motion to dismiss (Dkt. #56) is DENIED.  The Clerk of the Court is directed to enter judgment in favor of the United States and against plaintiff.  The Clerk of the Court is further directed to place this Order to Show Cause on the Court's calendar for April 11, 2008.

DATED this 24th day of March, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER - 8