UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT C. ARANT, *et al.*,<br><br>  Defendants. | Case No.  C07-0509RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISBURSEMENT OF OLYMPIC'S ASSETS |

This matter comes before the Court on a motion filed by plaintiff the United States of America (the "United States") for disbursement of the assets of defendant Olympic Business Systems, LLC ("Olympic").  Defendants have not responded to the motion except to file a motion to dismiss, which the Court has denied.  Nevertheless, for the reasons set forth below, the Court denies the Untied States' motion.

On November 19, 2007, the Internal Revenue Service ("IRS") assessed penalties against Olympic under IRC Section 6700 in the amount of $151,000 for 2003 and $101,000 for 2004, for a total penalty of $252,000.  Declaration of Susan Killingsworth,

ORDER DENYING
MOTION FOR DISBURSEMENT- 1

(Dkt. #46) at ¶6.  On the date the penalties were assessed, a lien arose on Olympic's property in favor of the United States.  26 U.S.C. § 6321.  The lien continues until it has been satisfied.  26 U.S.C. § 6322.

The United States seeks a finding that its lien has first priority.  Federal liens that arise first in time have priority over any subsequently filed liens.  See United States v. City of New Britain, 347 U.S. 81, 84-85 (1954).  Defendants have not asserted that any other secured interest encumbers Olympic's property.  In addition, the United States served written discovery requests on Arant to determine whether Olympics' assets were encumbered by any security interests.  Arant interposed a frivolous objection, stating that "[w]ithout further clarification of the term 'security interest,' I am without sufficient knowledge to properly address this issue."  Declaration of Michael Pahl, (Dkt. #45), Ex. 3 at p. 2.

Olympics' customers might assert that they are entitled to a return of the funds they deposited with Olympic because the funds were deposited before the lien arose.  The standard for what constitutes "property" for purposes of the federal tax lien under section 6321 is governed by state law.  Aquilino v. United States, 363 U.S. 509, 512-13 (1970). To determine the ownership of funds deposited in a bank, Washington courts draw a distinction between general and special deposits: "a deposit will be deemed general unless it is made special by contract, and in the absence of an agreement to the contrary, it will be presumed to be a general deposit and not special."  Maury v. Toledo Logging Co., 163 Wn. 563, 576 (1931).  There is no evidence that Olympics' customers had any agreement or contract that would render their deposits special rather than general.  In fact, Olympic's Customer Banking Affidavit states that all customer deposits are the property of Olympic.  Declaration of Susan Killingsworth, (Dkt. #6), Ex. 1.  Presumably,

ORDER DENYING
MOTION FOR DISBURSEMENT- 2

customers made deposits into Olympic's general accounts instead of individually identifiable accounts to hide their assets. The result is that the funds are co-mingled and cannot be traced back to particular customers. Therefore, Olympics' customers are only general creditors of Olympic, and they do not hold secured interests in Olympic's property. See, e.g., United States v. $3,000 in Cash, 906 F. Supp. 1061, 1069-70 (E.D. Va. 1995); Aspinall v. United States, 984 F.2d 355, 358 (10th Cir. 1993) (explaining that customers of a warehouse bank were general creditors). Accordingly, the United States' lien has first priority to Olympic's funds.

Despite that finding, the additional relief requested by the United States is unsupported and unwarranted. The United States' proposed order directs that several financial institutions "shall turn over all of defendants' funds in their possession to IRS revenue agent Susan Killingsworth." Proposed Order at p. 3. The financial institutions, however, are not parties to this action, and the Court will not direct them to disburse the funds. In addition, the funds are not within the control of the Court. They are not in the Court's registry. Nor is a receivership in place. The United States has not sought to foreclose on its lien or to execute the judgment in this case. The United States has not cited any authority that would warrant an order distributing funds under these circumstances.

For all of the foregoing reasons, the United States' motion for disbursement of Olympic's assets (Dkt. #44) is DENIED. Having denied the requested relief, however, the Court reiterates that it has granted summary judgment against defendants, they are subject to an injunction, and, to prevent any confusion, the Court reiterates the following from its previously issued order:

Arant and his representatives, agents, servants, employees, attorneys, and those

ORDER DENYING
MOTION FOR DISBURSEMENT- 3

1 persons acting in concert or participation with him are restrained and enjoined from
2 transferring, converting, encumbering, selling, concealing, dissipating, disbursing,
3 assigning, spending, withdrawing, or otherwise disposing of any funds, property, or other
4 assets, wherever located, that are (1) owned or controlled by defendants, in whole or in
5 part; or (2) in the actual or constructive possession of defendants; or (3) owned,
6 controlled by, or in the actual or constructive possession of defendants or any other entity
7 that is directly or indirectly owned, managed, or controlled by, or under common control
8 with, defendants, including but not limited to, any assets held by or for defendants in any
9 account at any bank or savings and loan institution, or with any broker-dealer, escrow
10 agent, title company, commodity trading company, precious metal dealer, or other
11 financial institution of any kind.

    DATED this 26th day of March, 2008.


    /s/ Robert S. Lasnik
    Robert S. Lasnik
    United States District Judge

ORDER DENYING
MOTION FOR DISBURSEMENT- 4