UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. C07-0509RSL |
| Plaintiff, | ORDER IMPOSING SANCTIONS; SEALING DOCUMENT |
| v. | |
| ROBERT C. ARANT, *et al.*, | |
| Defendants. | |

This matter comes before the Court on its order to show cause. On March 24, 2008, the Court ordered Arant to show cause why the Court should not impose sanctions against him in the amount of $1,000. Specifically, the Court explained,

> In Arant's motion to dismiss and opposition to the government's motion, he has intentionally misrepresented the names of three cases involving judges who engaged in criminal and highly inappropriate conduct.[1] Arant substituted the Court's name for the real judges' names in the case captions, apparently for the sole purpose of denigrating the Court. Arant, as a party to this action, is required

---

[1] The three cases Arant misrepresented are United States v. Lanier, 520 U.S. 259 (1997); Archie v. Lanier, 95 F.3d 438 (6th Cir. 1996); and State of Oklahoma v. Donald D. Thompson, CF-2005-16 (2003) (unreported).

ORDER - 1

to be truthful in all of his filings before the Court.  Instead, his conduct in this regard is blatantly dishonest and disrespectful.  Arant's conduct also violates Rule 11(b)(1) because the information in the filing is intentionally inaccurate and intended to harass.

In addition, Arant's citation to the cases was wholly gratuitous.  The issues in this case have nothing to do with whether other judges committed criminal acts in the past or with Arant's opinions of judges in general or this Court in particular.  The Court therefore strikes paragraph 1.3 of Arant's motion to dismiss.

Pursuant to Rule 11 and the Court's inherent authority, it appears appropriate to issue sanctions against Arant for intentionally misrepresenting the facts and nature of caselaw before the Court.  It further appears that sanctions in the amount of $1,000 is appropriate given the severity of the misrepresentation and to deter similar conduct in the future.

(Dkt. # 59 at pp. 7-8).  Arant has filed a response to the order to show cause in which he freely admits that he intentionally misrepresented legal authority.[2]  For this reason, and for the reasons set forth in its prior order to show cause, the Court hereby SANCTIONS Arant in the amount of $1,000 payable to the Clerk of Court (Sanctions) within thirty days of the date of this order.

In addition, the Clerk of the Court is directed to seal Arant's motion to dismiss (Dkt. #56) to remove the erroneous, scandalous, harassing, and wholly gratuitous citations from the public record.  To further the public's right of access, the Clerk of Court is further directed to file in the docket a redacted copy of the motion to dismiss.  The Clerk of the Court shall redact the erroneous citations in paragraph 1.3 on page two of the motion to dismiss beginning with the signal "See" and ending when the citation ends with

---

[2] Arant's citations to cases involving criminal contempt orders are misplaced; Arant is not being held in criminal contempt.

ORDER - 2

the double ampersand.  No other portion of the motion to dismiss should be redacted.

DATED this 24th day of April, 2008.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER - 3